IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GABRIELLE VALDEZ, as Guardian
ad litem for A.V., a minor child,

     Plaintiff,

v.                                                1:21-cv-01199-KK-LF

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and DANNY ALDAZ,

       Defendants.

**ORDER GRANTING MOTIONS TO ALLOW PLAINTIFF TO PROCEED
ANONYMOUSLY AND TO FILE AN AMENDED COMPLAINT**

THIS MATTER is before the Court on plaintiff's Unopposed Motion to Allow Case to Proceed with Anonymous Plaintiff (Doc. 21) and on plaintiff's Unopposed Motion for Leave to File First Amended Complaint (Doc. 22)—both filed on March 15, 2022. Having reviewed the briefing, the relevant law, and being fully apprised of the circumstances, the Court finds plaintiff's motions well-taken and will GRANT them.

This case was initially filed with a guardian ad litem ("GAL") named as the plaintiff for minor child, A.V. *See* Doc. 1 (complaint); Doc. 2 (motion to appoint GAL). Plaintiff initially chose to proceed with a guardian ad litem in order to protect the identity of A.V. Doc. 21 at 1. After the Court held a hearing on the motion to appoint the GAL (Doc. 19) and discussed other options for protecting the interests of minor child A.V., A.V.'s mother decided to seek the Court's approval to proceed anonymously, rather than continuing to proceed with a GAL. Doc 21 at 1–2.

In the motion to proceed anonymously (Doc. 21), minor child A.V.'s mother seeks to proceed anonymously in order to protect the identity of A.V., a minor child.[1]  Minor child A.V. alleges she was sexually assaulted by defendant Danny Aldaz, her second-grade teacher at Albuquerque Public Schools.  Doc. 21 at 1.  A.V.'s mother argues that A.V.'s identity should be protected because "this case concerns allegations of sexual assault" and that allowing her, the parent, to proceed as "Jane Doe" is necessary to protect the confidentiality of her minor child. *Id*. at 2.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure.  Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."  Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.  *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).  Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events.  A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.  The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.  *Zavaras*, 139 F.3d at 802.  In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest."  *Id*. at 803.  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity

---

[1] Minor children are expressly permitted to proceed under initials under Federal Rule of Civil Procedure 5.2(a).

outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F.

App'x 409, 411 (10th Cir. 2005) (unpublished).

Plaintiff Jane Doe does not allege she was a victim of sexual assault.  Instead, she is the

parent of a minor who allegedly suffered sexual assault.  Doc. 21 at 1.  The motion to proceed

anonymously only addresses the privacy interest of A.V., which the Court notes is not in

question because she is currently a minor.  *See generally* Doc. 21.  However, the Court agrees

that A.V. has vital privacy interests in not disclosing her identity to the public and agrees with

plaintiff's assertion that "[i]dentifying A.V.'s parent by name would necessarily compromise the

confidentiality of A.V."  *Id.* at 2.  Therefore, the Court finds that plaintiff has met her burden of

showing that her need for anonymity outweighs the public interest in favor of openness.

Plaintiff's allegations of sexual abuse of a minor are of a "highly sensitive and personal nature."

*Femedeer*, 227 F.3d at 1246.  This Court has previously allowed cases involving claims of sexual

abuse against minors to proceed anonymously.  *See Doe v. Sisters of Saint Francis of Colorado

Springs*, No. 20cv907 WJ-LF, Doc. 62 (D.N.M. Feb. 19, 2021); *S.M. v. Bloomfield School

District*, 16cv823 SCY-WPL, Doc. 43 (D.N.M. Dec. 1, 2016); *J.B. v. Coach Danny Charley*, No.

21cv632 SMV-SCY, Doc. 8 (D.N.M. Aug. 18, 2021).  In addition, the Court notes that the

defendants are not opposed to plaintiff proceeding anonymously.  The Court sees no prejudice to

defendants: defendants know the identity of plaintiff and are not hampered in their efforts to

investigate and defend against plaintiff's allegations.

For the reasons stated above, the Court grants plaintiff permission to proceed

anonymously in this case.  Because the Court grants plaintiff permission to proceed

anonymously, the Court also grants plaintiff's Unopposed Motion for Leave to File First

Amended Complaint (Doc. 22).  The amended complaint substitutes A.V.'s mother, named as

Case 1:21-cv-01199-WJ-LF   Document 26   Filed 04/04/22   Page 4 of 4

Jane Doe, for the GAL.  **Plaintiff shall file her amended complaint on the docket no later than April 11, 2022.**

"If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  **The Court therefore orders plaintiff to file, no later than April 18, 2022, an unredacted complaint under seal** that places on the record the plaintiff in her real name as the party in interest.  In all other filings, plaintiff may proceed as "Jane Doe."

Because plaintiff no longer seeks the appointment of a GAL, plaintiff's Motion to Appoint Guadian Ad Litem (Doc. 2) is MOOT.

**IT IS SO ORDERED.**

.

Laura Fashing
United States Magistrate Judge

4