IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Jane Doe, Parent, for
A.V., a minor child,

      Plaintiff,

v.                                                                                                                                         No. 1:21-cv-01199 LF-SCY

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and DANNY ALDAZ,

      Defendants.

## ORDER APPROVING SETTLEMENT

THIS MATTER comes before the Court on the parties' Joint Motion to Approval Settlement Involving Minor Child, filed on June 29, 2022. Doc. 47. The parties stipulated to the appointment of Scott Atkinson to serve as the guardian ad litem ("GAL") and the Court entered an order approving his service in this capacity on June 13, 2022. Doc. 44. The Court finds that Scott Atkinson is well qualified to act as GAL in this case. *Id.*; *see also* Doc. 55 (copy of Scott Atkinson's resume).

On July 5, 2022, the parties consented to me to make a final disposition in this case. Doc. 49. I have carefully reviewed the sealed Guardian Ad Litem Report to the Court (Doc. 53). I conducted a fairness hearing on August 30, 2022, via Zoom. *See* Doc. 54 (clerk's minutes). At the hearing, Gail Stewart appeared on behalf of Plaintiff Jane Doe, who also was present. Megan Muirhead appeared for Defendant Albuquerque Public Schools ("APS"). Scott Atkinson appeared in his capacity as the GAL.

The Court reviews settlements involving minor children for fairness. *See Thompson v. Maxwell Land-Grant and Railway Company,* 168 U.S. 451, 463–65 (1897). Before approving such

an agreement, the Court must ensure that the interests of the child will be adequately protected. *See Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (courts have a general duty to protect the interests of minors); *see also United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967) (When interests of minors are at stake, the trial judge has an obligation to see that the children were properly represented by their representatives and by the Court.); *Salas v. Brigham*, No. 1:08-cv-01184-JB-RLP, 2010 WL 11601205, at *2 (D.N.M. Dec. 22, 2010) (unpublished) ("New Mexico courts and federal courts have traditionally supervised settlements benefitting minors and incapacitated adults, reviewing the proposed settlement to ascertain whether the agreement promotes the best interest of the minor or incapacitated beneficiary.").

The parties and facts of this case are described in more detail in the GAL report (Doc. 53), so the Court need not repeat those details here beyond stating that the case arises out of matters alleged to have occurred during the 2019-2020 school year while the minor was a student at Valle Vista Elementary School.

At the fairness hearing on August 30, 2022, the GAL presented his report, and Jane Doe testified. Counsel also made their presentations and answered questions from the Court. I have considered the evidence and argument presented during the hearing on August 30, 2022. I also have considered the GAL report and the basic terms of the proposed settlement agreement and release. I find that the proposed settlement satisfies the four factors set forth in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984), which the court considers when deciding whether to approve a settlement. These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; . . . (4) the

judgment of the parties that the settlement is fair and reasonable." *Id*.  I also find that the settlement is in the best interests of the minor child.  *See Garrick*, 888 F.2d at 693.

I find that the proposed settlement with Albuquerque Public Schools and the total amount of the settlement were fairly and honestly negotiated during an all-day settlement conference with retired state court judge Wendy York, an experienced mediator.  Jane Doe testified that she understood and participated in the settlement conference, and that she agreed to the final settlement after consulting with her counsel.  Jane Doe testified that she believed the settlement was fair and reasonable, that she was not threatened or coerced into agreeing to the settlement, and that she wanted the Court to approve the settlement.  She also testified that she understood that the settlement resolves all of A.V.'s claims against APS and its current or former employees related to the matters asserted in the above-captioned lawsuit, and that the funds allocated to the minor child, with the exception of a small amount set aside for the child's immediate benefit and use, would be placed into a structured annuity.  Given these facts, I find that the settlement was honestly and fairly negotiated.

Having heard from the parties and having reviewed the GAL's report, I also find that serious questions of law and fact place the outcome of this litigation in doubt—including the outcome of the pending criminal matter, and the ability of Jane Doe to establish the elements of her claims against APS.  Plaintiff's First Amended Complaint, filed on April 6, 2022, brought claims against APS for negligence under the New Mexico Tort Claims Act, for violations of Title IX, and for substantive due process violations under 42 U.S.C. § 1983.  Doc. 27 at 14–20.  Counsel for APS testified at the hearing that they would have raised defenses to the allegations under the New Mexico Tort Claims Act—arguing that window coverings and half walls are not prohibited in classrooms.  Had APS been successful with these arguments at trial, the minor child's recovery could have been

substantially reduced. In addition, on April 28, 2022, in *Cummings v. Premier Rehab Keller, P.L.L.C.*, the Supreme Court held that a plaintiff suing under Title IX may not recover emotional distress damages. *See* 142 S. Ct. 1562. This mid-case change in the law increased the risk for plaintiff that she would recover less at trial than through the settlement. The New Mexico Tort Claims Act also places a cap on recovery amounts, which also likely would have affected Plaintiff's recovery at trial. Thus, the Court finds there were serious questions of law and fact that placed the outcome of this litigation in doubt.

I further find that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. Jane Doe testified that a resolution of this matter for the minor child's mental health and ability to move forward was a motivating factor in the resolution. The GAL also testified that it was in the best interest of the minor child to close this case and move forward.

The allocation of the funds also is fair and reasonable. As shown in the GAL report, the minor will receive a small percentage of the overall settlement for participation in extracurricular activities. Jane Doe testified that she understands these funds may be used only for the minor's benefit. The funds will be paid as set forth in Exhibit 1, which will be filed under seal as discussed below.

The GAL report also reviewed the attorney's fees that will be paid out of the settlement funds. The fee agreement provides for a percentage of the settlement proceeds which is comparable to or below what typically is charged in other personal injury cases. Ms. Stewart has agreed to absorb the litigation costs through her attorneys' fees and has also agreed to pay the New Mexico Gross Receipts Tax. I find that the attorney's fees are reasonable and should be paid from the settlement funds as described in the GAL report. *See* Doc. 53 at 6. Defendant APS

will pay the GAL fees associated with the report and the August 30, 2022, fairness hearing. APS also agreed to pay the fees for the private mediator.

All counsel, the GAL, and Jane Doe testified that they believed the settlement is fair and reasonable, and I agree. I find that the settlement is in minor child's best interests. The *Jones* factors are satisfied. I therefore approve the proposed settlement between plaintiff and APS. Specifically, the non-monetary relief and total settlement amount is approved, the allocation and distribution of the settlement proceeds as outlined in the GAL report is approved, and the payment of plaintiff's attorney's fees as outlined in the GAL report is approved. Mr. Atkinson is released from his duties as guardian ad litem, and Defendant APS shall pay his fees associated with preparing the GAL report and participating at the August 30, 2022 fairness hearing. The parties will file closing documents no later than October 11, 2022, absent a written motion showing good cause for an extension.

The parties and GAL expressed a desire to keep the details of the settlement, including the amount, confidential, and the Court agrees confidentiality is appropriate. The settlement involves the claims of a minor child and is in payment for the damages she suffered as a result of alleged sexual abuse by her teacher. Attached as Exhibit 1 to this Order is a copy of the Annuity Schedule approved by the Court. Exhibit 1 will be filed separately, under seal. Exhibit 1 and the details regarding the amount of the settlement shall not be disclosed to anyone other than the parties, their counsel and staff, the GAL, any insurance companies for APS, and the entities assisting in establishing the annuity, absent prior Court order.

**IT IS SO ORDERED.**

_____
The Honorable Laura Fashing
United States Magistrate Judge
Presiding by Consent

APPROVED:

STEVEN GRANBERG, ATTY. AT LAW P.A.

By: /s/ *Gail Stewart*
    Gail Stewart (gstewart@66law.com)
    Steven Granberg (granberg@66law.com)
    *Attorneys for Plaintiff*
    3800 Osuna NE, Suite 1
    Albuquerque, NM 87109
    (505) 244-3779 / Fax (505) 245-8558

MODRALL, SPERLING, ROEHL,
  HARRIS & SISK, P.A.

By: /s/ *Megan T. Muirhead*
    Jennifer G. Anderson (janderson@modrall.com)
    Megan T. Muirhead (mmuirhead@modrall.com)
    Mia K. Lardy (mlardy@modrall.com)
    Laura M. Unklesbay (lunklesbay@modrall.com)
    *Attorneys for Defendant APS*
    P. O. Box 2168
    Albuquerque, NM 87103-2168
    (505) 848-1800 / Fax (505) 848-9710

ATKINSON LAW FIRM, LTD

By: /s/ *Scott Atkinson*
    Scott K. Atkinson (atkinsonlaw4242@gmail.com)
    *Guardian ad Litem*
    9400 Holly Ave., NE, Bldg. 4
    Albuquerque, NM 87122
    (505) 944-1050 / Fax (505) 265-1625

Y:\dox\client\11301\1418\DRAFTS\W4496433.DOCX