IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANE DOE, Parent, for
A.V., a minor child,

        Plaintiff,

v.                                                                                                                  No. 1:21-cv-01199 LF/SCY

BOARD OF EDUCATION OF ALBUQUERQUE
PUBLIC SCHOOLS and DANNY ALDAZ,

        Defendants.

## ORDER CLARIFYING PRIOR ORDER AND CLOSING CASE

THIS MATTER comes before the Court on defendant Albuquerque Public School District's ("APS") Motion to Reopen Case for the Limited Purpose of Clarification on the Court's Order Approving Settlement (Doc. 61), filed on December 28, 2023, and on the subsequent hearing held on January 24, 2024 (Clerk's Minutes at Doc. 69). Having considered the parties' briefing and argument and having reviewed the relevant law, the Court hereby clarifies that its Order Granting Motion to Approve Settlement (Doc. 56), filed September 13, 2022, prohibits the parties from disclosing any details of the settlement agreement, including the settlement amount, except to those entities listed. *See* Doc. 56 at 5. The order therefore prohibits APS from disclosing "details regarding the amount of the settlement agreement," *id.*; *cf.* Doc. 61 at 2, to any person seeking that information through the New Mexico Inspection of Public Records Act, NMSA § 14-2-1 *et seq.*, ("IPRA").

The settlement in this case "involve[d] the claims of a minor child and [was] in payment for the damages she suffered as a result of alleged sexual abuse by her teacher." Doc. 56 at 5. Because of the sensitive nature of this case, and at the mutual request of the parties, the Court

permitted the plaintiff to proceed anonymously, Doc. 26 at 3, and also ordered that "[the Annuity Schedule] and the details regarding the amount of the settlement shall not be disclosed to anyone other than the parties, their counsel and staff, the GAL, any insurance companies for APS, and the entities assisting in establishing the annuity, absent prior Court order," Doc. 56 at 5. This order "provide[s] by law" that the listed information shall not be disclosed and therefore excepts that information from inspection under NMSA § 14-2-1(L).

In the leading case on this issue, *Dunn v. Brandt*, 2019-NMCA-061, 450 P.3d 398, the plaintiff and thwarted IPRA-requestor had sought in discovery in a domestic relations case all the correspondence received or produced by the guardian-ad-litem (GAL) in that case. *Id.* ¶ 2. This discovery request prompted the judge in the underlying domestic relations case to issue a protective order specifically shielding the GAL's correspondence from disclosure. *See id.* ¶ 2. The *Dunn* court did not decide generally "whether a protective order falls within IPRA's 'as otherwise provided by law' exception," nor whether any order prohibiting disclosure falls within that same exception, but instead held more narrowly that the IPRA request did not invalidate the targeted protective order. *See id.* ¶¶ 8, 11, 17. Nonetheless, the reasoning articulated in *Dunn* is applicable here. Furthermore, two features of this case provide reasons to prevent disclosure under IPRA that are at least as forceful as the specificity of the order in *Dunn*.

First—and most important—is the special need to protect a minor child from potential exploitation and public scrutiny. This is the underlying basis for the Court's order allowing the plaintiff to proceed anonymously, as well as its order prohibiting disclosure of any details relating to the settlement, and it applies no less today than when the Court entered those orders. The mere amount of the settlement may, at first blush, appear to have no bearing on the protection of the minor in this case. However, the dollar amount of a settlement both implicates

the magnitude of the underlying harm and may, because of its size, provide a stronger incentive to those inclined towards financial exploitation. If the minor's identity remains truly protected, these impacts should never be felt—but there is no guarantee that this will be the case. Publicly available information in this case provides meaningful clues as to the minor's identity, and the Court is deeply wary of providing any additional information that would encourage anyone to seek to discover the identity of the minor child and the amount the child recovered in the settlement.

Second, this Court is a federal court. The interaction between IPRA, a state statute, and the federal judicial power amplify the concerns of the *Dunn* court. That court "discern[ed] nothing in IPRA's plain language or in IPRA case law suggesting that our Legislature intended to require a governmental entity to disclose public records in defiance of a court order," and further opined that "to view IPRA as superseding a protective order would be contrary to constitutional separation of powers principles."[1] 2019-NMCA-061, ¶¶ 10, 11. These two issues were the foundation of the holding in *Dunn* and provide even firmer ground here.

For the reasons above, the Court clarifies that its Order Granting Motion to Approve Settlement does prevent—and always has prevented—the disclosure of any information about the settlement agreement in this case, including the settlement amount, regardless of any IPRA request seeking such information.

The Court has dealt with the matter for which this case was re-opened. *See* Doc. 64. Accordingly, IT IS HEREBY ORDERED that this case is again CLOSED.

---

[1] The Court is unaware of any statutory provision that would prohibit the parties from agreeing to a confidential settlement, or that would prevent the Court from ordering that the details of the settlement, including the settlement amount, remain confidential.

_____
The Honorable Laura Fashing
United States Magistrate Judge
Presiding by Consent